No. 130.—Monition of JOHN HALL.    Oppposition of F. E. LAURENCE
                           AND HUSBAND.

The wife is sufficiently authorized, if, in a proceeding by executory process to sell her mort-
    gaged property, both she and her husband are made parties defendant.
The averment in the petition that the defendants are non residents is sufficient to authorize the
    appointment of an attorney to represent them in a proceeding *via executiva.*
The court will notice judicially who are its attorneys, and where it appears that an attorney has
    been appointed *curator ad hoc,* the phrase *curator ad hoc* will be treated as surplusage and the
    appointment be regarded as that of attorney to represent the absentee.
The attorney appointed to represent the absentee in a proceeding *via executiva* is the proper
    party to whom notice of seizure must be addressed, and on whom service must be made.
The readvertisement of property that has been once offered for sale is sufficient notice to all
    parties interested.
The law does not require the sheriff to return an order of seizure and sale in seventy days,
    retaining a copy where it has not been fully executed, the same as in case of a *fi. fa.*  The
    direction by the clerk to return the order in seventy days has no legal effect.

APPEAL from the District Court parish of St. Mary.  *Gates,* J.
    *J. G. Oliver & Dumartrait,* for plaintiffs and appellees, *Edward
Simon,* for opponents and appellants.

IOWE, J.  On the fifth of January, 1867, by virtue of an order of
seizure and sale, issued in executory proceedings in the suit of Hall,
Rodd & Putnam *v.* Mrs. F. E. Laurence and husband, a plantation
belonging to Mrs. Laurence was sold by the sheriff of St. Mary for
cash at a little more than its appraised value and purchased by the
appellee, John Hall.

The appellants, Mrs. Laurence and husband, opposed the confirma-
tion and homologation of the monition afterward sued out by appellee
on several grounds, which we will notice in the order in which they
have been presented in the brief of their counsel.

I.   That Mrs. Laurence was never authorized by her husband or by
the judge to appear in the proceedings *via executiva* prior to the judg-
ment therein.

The record shows that both husband and wife were made parties
defendant, and that suffices.

II.  That there is no necessity shown for the appointment of a
*curator ad hoc* to the parties sued, because their absence from the State
at the time is not sufficiently established by positive and competent
evidence.

The petition of the plaintiffs in the executory process averred that
Mrs. Laurence and her husband resided somewhere in New York or
New Jersey, and were absent from Louisiana, and not represented
therein.  We deem this sufficient.  Frost *v.* McLeod, 19 Ann. 80.  The
opponents in this proceeding have not even attempted to prove (as
they might surely have done if such was the truth) that they were not
absentees at the time the executory proceedings were taken.

III. That if the appointment by the judge of a representative to
the opponents, as absentees, was necessary, this representative should
have been an *attorney,* and not a *curator ad hoc.*

It is true that article 737 C. P. uses the word attorney, and its use in this case would have been desirable to save doubt, discussion and litigation; but the court will notice judicially who are its attorneys; and when we find that Henry Gibbon, Esq., was appointed *curator ad hoc* to represent the defendants, we may 'properly treat the phrase *curator ad hoc* as surplusage, and omitting it, notice that an attorney of the court was appointed to represent the defendants.

IV.  That Mrs. Laurence and her husband were not served with three days' notice antecedent to the seizure.

The proper notice was served on Henry Gibbon, Esq., the attorney appointed to represent the defendants.  It recites at length his appointment, and appears to make the proper demand.

V.  That the three days' notice directed to the *curator ad hoc* should should have been directed and addressed to the parties themselves, although served on him.

We have not been referred to any authority in support of this proposition, and we do not think it correct.  Where citation is issued against an absentee it is properly addressed, not to the absentee but to the *curator ad hoc* in cases where a curator is properly appointed. 13 Ann. 405.  *A fortiori* in this case, where the notice is not a citation, but practically a notice of judgment merely, we think the direction and address sufficient.

VI.  That neither the parties nor the curator were notified of the postponement of the sale from the third November, 1866, to the fifth January, 1867, and to appoint an appraiser that day.

The record shows that on the fifth January, 1867, an appraiser was appointed by the plaintiffs and one by the *defendants*; that they were duly sworn, as well as the umpire who was afterward selected, and the defendants' appraiser agreed to the valuation made by the umpire. We thus find the defendants possessed of actual knowledge of the time of sale and taking part in its preliminaries.  They cannot now say that they had no notice to appoint an appraiser; and as to a notice of a postponement of the sale; the re-advertisement, which in this case was formal and regular, furnished all required information on this point.  11 Ann. 64; 12 Ann. 839.

VII.  That the writ had already expired at the time of the sale, and no copy thereof was retained by the sheriff.

The sheriff was not bound to return the writ as in cases provided for by act of 1855, No. 199.  It is not a writ of *fieri facias*.  18 An. 656. The fact that the clerk subjoined to it a direction to return it in seventy days did not deprive it of vitality after that time had expired. The direction by the clerk was *ultra vires*, and must be treated as mere surplusage.

VIII.  That Mrs. Laurence never appointed and named the ap-

praiser, John Tarlton, neither did the sheriff on her failure, nor any other person authorized by her or by the court so to do.

As before remarked, the record satisfies us that the appraiser, Tarlton, was appointed by the defendants. The testimony of Tarlton does not rebut this. He says he was requested by Mr. H. E. Laurence to act as appraiser, and so told the sheriff. But he does not say he was not appointed by Mr. Gibbon, the attorney, or by Mrs. Laurence also.

· For the reasons given, it is ordered and adjudged that the judgment of the District Court be affirmed with costs.